ESTATE OF GORBEA *v.* PÉREZ.

APPEAL from the District Court of San Juan.

No. 51.—Decided April 19, 1906.

ACTIONS TO RECOVER POSSESSION—ESSENTIAL REQUISITES.—In order that an action for recovery may be successful, it is necessary, in addition to ascertaining the thing sought to be recovered and proving its ownership, that the possession thereof on the part of the defendant be proved.

The facts are stated in the opinion.

*Messrs. Díaz & Texidor* for appellant.

*Mr. Cuervillas* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On October 1, 1901, Juan José Gorbea y Cuevas filed a complaint in the District Court of San Juan against Guiller- mo Pérez Acosta, in which he alleged that he had leased to Pérez Acosto 50 *cuerdas* of land of the former "Rosario" plantation, in the municipal district of Vega Baja, in the place and with the boundaries set forth in the certificate issued on April 20, 1894, by Manuel Padilla Dávila, a public surveyor. Upon the termination of said contract on March 1, 1901, the lessee returned only 33 of the 50*cuerdas* of land which had been turned over to him, 17 *cuerdas* therefore being lacking. For this reason Gorbea prayed that the defendant should be required to make immediate restitution of the number of *cuerdas* necessary to make up the area of land leased, accord- ing to the certificate above mentioned, with the corresponding products produced or which it should have produced, the re- establishment of the landmarks, indemnity for loss and dam- age and the payment of all the costs, and he avails himself for the purpose of an action for recovery, the personal action arising from the contract of lease, and any other actions to which he may be entitled.

Upon answering the complaint Guillermo Pérez Acosta al- leged that it was true that Juan J. Gorbea had leased to him a.

tract of land, which according to the lessor, had an area of 50 *cuerdas,* and which he returned to Gorbea upon the termination of the contract, without having made any survey thereof, because he trusted in the word of Gorbea, although it was afterwards found that the tract did not have the area which had been stated.

Evidence having been ordered to be heard in the action, the evidence submitted by both parties was heard in accordance with the former Law of Civil Procedure, such evidence having consisted of documentary evidence, the testimony of witnesses and the opinions of experts, and the District Court of San Juan, on March 31st of last year rendered judgment, which reads as follows:

"Number 128. *Juan José Gorbea, plaintiff* v. *Guillermo Pérez Acosta, defendant.* In the matter of a claim for lands. *Judgment.—* On January 26, 1905, in open court, this action was called for trial in its regular order, and both parties appeared through their counsel and announced that they were ready to proceed. Thereupon counsel for the plaintiff made his allegations, being followed by counsel for the defendant. This being an action which has been prosecuted under the procedure formerly in force, in which all the evidence had already been submitted and heard, both parties accepted as valid and efficient all the matters of record and prayed for judgment in the case upon such evidence. Counsel for the parties made their oral arguments. And the court, after having heard the pleadings, the evidence and the arguments, is of the opinion that the facts and the law are in favor of the defendant, and therefore renders judgment holding, as it holds, that the plaintiff, Juan José Gorbea, is not entitled to recover anything from the defendant, Guillermo Pérez Acosta, in this action, and the costs are taxed against said plaintiff. And it is ordered that this judgment be entered in the judgment book of this court. Pronounced in open court, this 31st day of March, 1905. Entered this 3d day of April, 1905.—Emilio del Toro, judge. Attest: José E. Figueras, secretary."

Counsel for Juan J. Gorbea took an appeal from this judgment, and the proper transcript of the record having been

transmitted to this Supreme Court, the appeal was duly prosecuted, both parties having filed briefs and made oral arguments in support of their respective contentions.

The question the subject of judicial discussion is purely one of fact and is reduced to a determination of whether or not the land given in lease by Juan J. Gorbea to Guillermo Pérez Acosta had an area of 50 *cuerdas,* as the former alleges, and whether or not the latter did or did not return to the former the land received.

Gorbea has introduced evidence tending to show that the land belonging to him which he leased to Pérez Acosta had an area of 50 *cuerdas;* but he has not proved nor has he attempted to prove, that he delivered 50 *cuerdas* to Pérez Acosta, nor has he specifically fixed the place where the missing 17 *cuerdas* can be found, and, what is more, he does not specifically allege in his complaint that Pérez Acosta holds said 17 *cuerdas;* while the latter has proved that the lands of Gorbea do not adjoin any lands belonging to him as they are separated on the east by a public road, thus making the confusion of the two tracts difficult.

In order that an action for recovery may be successful, it is necessary, in addition to ascertaining the thing sought to be recovered and proving its ownership, that the possession thereof on the part of the defendant be proved, according to the jurisprudence of the Supreme Court of Spain, followed on a previous occasion by this Supreme Court, and all of such elements are not present in these proceedings, on which ground this action should be dismissed.

It is true that the lease contract entered into between Gorbea and Pérez Acosta imposed upon the latter the obligation of returning the land received exactly as he received it, according to the provisions of section 1464 of the Civil Code in force, which is a reproduction of article 1561 of the former Code; but as there is no evidence that Gorbea delivered to Pérez Acosto the 17 *cuerdas* of land which he claims have not been returned to him, and which, according to the result of

the evidence it is not known where they can be found, as the plaintiff fails to state their location, it is obvious that Pérez Acosta cannot be required to perform that obligation by the exercise of a personal action derived from the lease contract.

For the reasons stated, we are of the opinion that the judgment appealed from should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.